Margaret M. BLAIR, Plaintiff,

v.

MANHATTAN LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. 80–1240.

United States District Court,
W. D. Pennsylvania.

June 24, 1981.

P. Christian Hague, Ronald D. Morelli, Meyer, Unkovic & Scott, Pittsburgh, Pa., for plaintiff.

Craig W. Jones, John H. Scott, Jr., Reed Smith Shaw & McClay, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

The beneficiary of a group life insurance policy brought this action against the insurance company to recover the proceeds of the policy alleging the policy was in effect when Joseph R. Blair died.

Sorce Gyneatric Associates (Sorce), employer of Joseph R. Blair (Blair), applied for membership in an employers group life insurance trust fund requesting life insurance coverage for Blair. Blair, acting as the authorized representative of Sorce, met with the soliciting agent and executed the application. The application stated no coverage would be provided until the application was approved and accepted in writing by the defendant.[1] In connection with the application Sorce submitted an advance premium to the defendant; Sorce did not receive any receipt for this premium. Before Sorce was notified of the defendant's decision to deny the application, Blair died.

The parties have filed cross motions for summary judgment. These motions present two related issues: the effect of *Collister v. Nationwide Life Insurance Co.* and the determination of the applicable statute of limitations.

Plaintiff claims she is entitled to summary judgment under the authority of *Collister v. Nationwide Life Insurance Co.*, 479 Pa. 579, 388 A.2d 1346 (1978), *cert. denied*, 439 U.S. 1089, 99 S.Ct. 871, 59 L.Ed.2d 55 (1979). In *Collister* the decedent applied for an individual life insurance policy, paid an advance premium, and received a conditional receipt or binder. Both the application and the conditional receipt conditioned acceptance of the application on the successful completion of a medical examination. Before taking this examination, the applicant died. In the ensuing action by the beneficiary against the insurance company, the Pennsylvania Supreme Court framed the test as whether the decedent had a reasonable expectation of temporary or interim insurance coverage before a decision by the insurance company accepting or rejecting his application. The court placed the burden on the insurance company to show by clear and convincing evidence the decedent had no reasonable expectation of such temporary insurance. The court found the decedent had a reasonable expectation of temporary insurance and awarded the beneficiary the proceeds of the policy. In the present action, plaintiff contends, viewing the evidence most favorably to the defendant,[2] the defendant cannot meet the burden of proof enunciated in *Collister*. Al-

---

1. Manhattan Life Insurance Company functioned as both the insurer and administrator of the trust; this distinction is not material to the issues before the Court and for convenience reference will be made to the defendant generally.

2. At oral argument on these motions, the parties expressed opposing views on the effect of Pennsylvania's Dead Man's Rule, 42 Pa.Cons. Stat.Ann. § 5930 (Purdon), on the admissibility of the testimony of the soliciting agent. For purposes of its motion for summary judgment only, plaintiff assumes the soliciting agent could testify in substantially the same manner as set forth in his affidavit.

though *Collister* concededly places a heavy burden on the defendant, this Court declines to find on the present record that the defendant will not be able to meet its burden of persuasion at trial.

■ The defendant, in its motion for summary judgment, argues *Collister* is factually distinguishable from the present action. In *Collister* the decedent applied for an individual life insurance policy and received a conditional receipt on payment of an advance premium. In the present action Sorce applied for group life insurance and did not receive a conditional receipt. Defendant argues the individual policy and the conditional receipt formed the basis of the decedent's reasonable expectations of temporary insurance found in *Collister* and the absence of these factors in the present action makes it impossible for Blair to have had a reasonable expectation of temporary insurance.

Notwithstanding the factual differences on which defendant relies, this Court concludes the defendant is not entitled to summary judgment on this basis for two reasons. First defendant misreads *Collister* by placing undue emphasis on certain facts. The court in *Collister* refused to single out any facts as determinative and looked instead to "the totality of the transaction involved." *Id.* at 593, 388 A.2d at 1353. Second, the present action and *Collister* are more alike than different. The *Collister* court stressed that the payment of an advance premium itself did much to foster the expectation of immediate coverage; in the present action, as in *Collister*, an advance premium was submitted with the application. Also, the distinction the defendant draws between group and individual policies is somewhat blurred in the present action since Blair personally dealt with a soliciting agent and executed an application requesting coverage for only himself. This Court concludes the type of policy and the absence of a conditional receipt are just two of the facts to be evaluated by the jury in determining Blair's reasonable expectations.

The second issue before this Court is whether plaintiff's claim is barred by the statute of limitations. This action was brought almost five years after Blair's death. The defendant contends this action is barred by Pennsylvania's four year statute of limitations for actions brought on contracts implied in law. 42 Pa.Cons.Stat. Ann. § 5525(4) (Purdon). The plaintiff, on the other hand, contends Pennsylvania's six year statute of limitations for actions founded on written instruments applies. 42 Pa.Cons.Stat.Ann. § 5527(2) (Purdon). The determination of the statute of limitations applicable to actions based on obligations imposed under *Collister* presents a difficult issue of first impression.

Defendant argues, not unpersuasively, that the policy application expressly required defendant's written acceptance and any obligation imposed on the defendant under *Collister* would be contrary to defendant's express intention not to be bound. Defendant argues such an obligation cannot be characterized as a true contract, but can only be a contract implied in law.

■ The court in *Collister* did not explain its decision in terms of contract theory and the specific issue of the contractual basis of obligation recognized in the decision with respect to the statute of limitations was not before that court. However, viewing the opinion as a whole, it is apparent that the effect of *Collister* was to estop the insurance company from denying its acceptance of the application. That is, once the insurance company created, or allowed the creation of, a reasonable expectation of temporary insurance, it was estopped from denying its acceptance of the application. The court then enforced the written insurance contract to protect the expectations of the applicant. Reading *Collister* as creating an estoppel and enforcing the written contract is consistent with the approach of Pennsylvania courts which have held insurance companies estopped from relying on provisions of an application relating to the formation of a valid contract and intended for the benefit of the company, 18 P.L.E. Insurance § 82.

Since *Collister* estops an insurance company from denying acceptance of the application and enforces the written contract, defendant's obligations, if any, are founded on the written insurance contract. Therefore Pennsylvania's six year statute of limitations for actions founded on written instruments is applicable and this action was timely filed.

For all of the foregoing reasons, plaintiff's motion for summary judgment will be denied and defendant's motion for summary judgment will be denied.